Anthony Yakemowicz, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pittsburgh-Brownsville Express, Respondents.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for respondent, Pittsburgh-Brownsville Express.

OPINION BY JUDGE WILLIAMS, JR., April 28, 1981:

This is an appeal from an opinion and order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision awarding claimant total disability benefits pursuant to Section 306 (a) of The Pennsylvania Workmen's Compensation Act.[1]

Anthony Yakemowicz, claimant, was last employed as a company dispatcher for Pittsburgh-Brownsville Express. In June, 1972, claimant, while in the course of his employment, was exposed to carbon monoxide fumes which were emitted from a towmotor owned by claimant's employer. After approximately ten minutes of exposure, claimant began to feel ill and was taken to the hospital. Numerous tests were performed at the hospital and it was discovered that claimant had suffered a myocardial infarction. Approximately two months after that incident, claimant returned to work. Upon returning to work, claimant became irritable and antagonistic towards his fellow employees

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511.

and customers. In December, 1973, claimant voluntarily resigned from his employment, feeling that he was entirely too nervous and tense to handle his job on a regular basis.

In June, 1973, claimant filed a claim petition for workmen's compensation benefits, alleging therein that during the course of his employment he was subjected to fumes, which caused him to suffer a myocardial infarction. In June, 1977, claimant's petition was dismissed for his failure to prove a causal connection between his employment and his physical disability. Claimant appealed the referee's order to the Board and the Board remanded the matter to the referee to allow claimant an opportunity to submit a brief in support of his position. In April, 1978, the referee awarded claimant benefits for a total disability. Claimant's employer appealed that decision and the Board, after carefully reviewing the evidence, reversed the determination of the referee. The Board found that the claimant failed to meet his burden of proving by competent evidence that his disability was related to his work activity. We agree with the Board.

The only issue facing this Court is whether the Board's finding that the claimant failed to prove a causal relationship between his employment duties and his physical disability is supported by substantial and competent evidence. Claimant contends that the Board capriciously disregarded the evidence presented in finding that he did not establish a causal connection between his injury and his employment.

It is well-settled law that in a workmen's compensation case the claimant bears the burden of proving that his injury is work-related. This Court has held that compensation cannot be awarded for an on-the-job heart attack absent obvious causal connection, or unequivocal medical testimony that the heart attack was caused by claimant's employment. *Rosenberry*

*Brothers Lumber Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978). In the instant case, the claimant has not sustained his burden of proof. At the referee's hearing, the claimant introduced into evidence the deposition of Dr. Earl A. Humphries. Dr. Humphries concluded that claimant had suffered an acute myocardial infarction. He testified that there can be a direct relationship between carbon monoxide inhalation and an aggravation of a coronary insufficiency. However, he could not state with a reasonable degree of medical certainty that claimant's acute myocardial infarction was caused by an exposure to carbon monoxide. In order to make this determination, Dr. Humphries felt that he would have to know if claimant's carbon monoxide exposure was at a "significant level." Claimant offered no evidence to indicate the percentage of carbon monoxide emitted from the exhaust of the towmotor in question. Thus, it is readily apparent that Dr. Humphries' opinion was based on mere conjecture. Medical evidence which is less than positive is not legally sufficient to qualify as unequivocal evidence required by the Workmen's Compensation Act to establish a causal connection between claimant's disability and an alleged accident. *E.g., Zoltak v. Keystone-Harmony Dairy,* 47 Pa. Commonwealth Ct. 378, 408 A.2d 198 (1979).

Since the evidence undoubtedly demonstrates that the claimant has failed to meet his burden of proving a nexus between his heart attack and his exposure to carbon monoxide fumes, we must affirm the decision of the Board denying claimant benefits.

### ORDER

AND Now, the 28th day of April, 1981, the order of the Workmen's Compensation Appeal Board at No. A-75537, denying benefits, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.