Edward G. Zoltak, Petitioner *v.* Keystone-Harmony Dairy, Respondent.

Argued September 14, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Donald J. McCormick*, with him *Joseph B. Bagley*, for petitioner.

*Joseph F. Grochial*, with him *Roy F. Walters, Jr.*, and *Fried, Kane, Walters & Zuschlag*, for respondents.

OPINION BY JUDGE CRUMLISH, JR., November 20, 1979:

The Workmen's Compensation Appeal Board reversed a referee's award of benefits to Edward G. Zoltak. We affirm.

Zoltak applied for workmen's compensation benefits for an injury which allegedly resulted when he slipped January 11, 1977, on an ice ledge while delivering milk for his employer, Keystone-Harmony Dairy. The referee awarded benefits, finding:

5. The claimant was totally disabled from performing his regular duties since his injuries of January 11, 1977. The claimant's injuries consisted of traumatic arthritis with aggravation due to injuries which resulted in inflamation [sic] of his right knee.

The Board, in reversing, found evidence insufficient to establish the required causal connection between that alleged accident and the disability.

Zoltak's contention to the contrary is without merit. Where there is no obvious causal relationship between the existing disability and the alleged accident, unequivocal medical evidence, based not on mere possibilities, must be adduced to establish the nexus. Evidence less than positive or based on conjecture falls short of the plateau of legally competent evidence. *Heffer v. GAF Corp.*, 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977).

Zoltak's only medical witness, Dr. Ferguson, testified that Zoltak's disability was due to an injury incurred in July, 1976, that he was unaware of a January 11, 1977 injury, and that, moreover, the accident as described could not have caused the present disability.

This evidence is obviously insufficient to support the referee's conclusions.[1]

Accordingly, we

### Order

AND Now, this 20th day of November, 1979, the order of the Workmen's Compensation Appeal Board denying benefits to Edward G. Zoltak is affirmed.

---

[1] The Workmen's Compensation Appeal Board may reverse the referee when a necessary finding of fact is not supported by substantial evidence. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).