Roland W. Simons, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pierce Glass Company, Respondents.

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Richard W. Mutzabaugh, Mutzabaugh, Mutzabaugh & Saunders,* for petitioner.

*Raymond F. Keisling,* with him *David M. McCloskey, Will & Keisling,* for respondent, Pierce Glass Company.

OPINION BY JUDGE BLATT, July 9, 1980:

Roland Simons (petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which denied him benefits after a finding that he had failed to prove a work-related injury.

The petitioner was employed by the Pierce Glass Company (employer) when he tripped and fell over a stool on August 16, 1977. Although he argues here that he immediately began getting spots in front of his eyes, he continued working for three more days. On August 23, 1977, he underwent surgery for a detached retina. The referee found that the petitioner had had cataract surgery in the same eye seven months before the incident and had thereafter suffered a temporary loss of vision in May of 1977. At the hearing the petitioner presented a medical report from his doctor which stated that "it is conceivable

that the sudden jar of his eye when he was jolted by the fall could have produced a retinal tear.'' The referee concluded that the testimony fell short of the unequivocal medical evidence necessary to establish causation and therefore denied benefits. The Board affirmed and this appeal followed.

Although the petitioner argues that the doctor's testimony was unequivocal and therefore sufficient to show the required causal connection, his primary contention is that any medical testimony was unnecessary. It is true that where a claimant's disability is obviously and directly the result of a work incident the factfinder is not required to depend on medical testimony to find the causal connection. *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979); *Yellow Cab Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978). In the instant case, however, the record cannot support a finding that the injury was obviously and directly the result of the fall.[1] And where, as here, there is no obvious causal connection, unequivocal medical testimony is, of course, required. *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978). We have no difficulty accepting the referee's conclusion that such medical testimony was not produced.

The order of the Board is therefore affirmed.

---

[1] The petitioner argues that the referee's failure to find that the injury was the immediate result of the fall constituted a capricious disregard of the evidence offered by the petitioner. This evidence consisted of the petitioner's uncorroborated testimony of the symptoms he experienced immediately after the fall. We must reject this argument because the referee may in the lawful exercise of his broad discretion, accept or reject the testimony of any witness in whole or in part. *Borough of Rochester v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 514, 409 A.2d 918 (1980).

578

ORDER

AND NOW, this 9th day of July, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.