Anthony Bisesi, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Tower Lines, Inc., Respondents.

Argued May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for petitioner.

*David M. McCloskey, Will & Keisling,* for respondents, Tower Lines, Inc.

OPINION BY JUDGE MENCER, August 13, 1981:

While in the course of his employment as a truck driver for Tower Lines, Inc. (employer), Anthony Bisesi (claimant) sustained a concussion, on October 18, 1977, when the truck he was driving went off the road and struck a utility pole. Subsequent to that injury, he suffered from recurrent headaches, dizziness, and occasional blackouts. On January 9, 1978, the claimant filed a petition for total disability compensation as a result of his accident. The referee concluded that he was totally disabled as a result of that injury. The Workmen's Compensation Appeal Board reversed the referee's determination and this appeal followed. We affirm the Board.

The only issue in this appeal is whether competent medical evidence exists to support a finding that the aforementioned injury caused the claimant's disability. Where there is no obvious causal relationship between an existing disability and an alleged accident,

unequivocal medical testimony must be adduced to establish the relationship; medical evidence which is less than positive or which is based upon possibilities may not constitute legally competent evidence for the purpose of establishing the causal relationship. *Zoltak v. Keystone-Harmony Dairy*, 47 Pa. Commonwealth Ct. 378, 408 A.2d 198 (1979).

Prior to his October 18, 1977 accident, the claimant suffered two head injuries. In June 1974, he suffered a concussion in a truck accident. As a result of that incident, he missed four months of work and suffered from headaches and confusion for which he sought medical treatment. On March 21, 1977, an elevator door lacerated the claimant's head, requiring the administration of two sutures. He missed no work as a result of the second accident.

Because of these earlier incidents, it was not obvious that the claimant's disability was causally related to the October 18, 1977 accident. To establish causation, he presented the testimony of two medical doctors. An examination of the entire testimony of both discloses that neither expert unequivocally opined that the October 18, 1977 accident caused the claimant's disability.

The claimant's personal physician could offer no diagnosis of his symptoms. He testified that he could only "assume" that the claimant's symptoms were related to his most recent accident because they coincided with its occurrence. The neurosurgeon who testified for the claimant also balked at venturing a definite diagnosis. He could only testify that "it would seem" that the claimant's most recent accident played a role in causing his symptoms because they occurred with greater frequency following the incident. He repeatedly emphasized that he did not have a definite opinion about the etiology of the claimant's disability.

The testimony of both physicians did not satisfy the legal standard demanded of expert medical testimony; it was manifestly equivocal and uncertain. Therefore, we enter the following

ORDER

AND Now, this 13th day of August, 1981, the order of the Workmen's Compensation Appeal Board, dated March 6, 1980, denying disability benefits to Anthony Bisesi, is hereby affirmed.