Bethlehem Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Evelyn P. Tompkins, Respondents.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

John E. Person, III, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht, for petitioner.

Richard A. Gray, Mitchell, Mitchell & Gray, for respondent, Evelyn P. Tompkins.

OPINION BY JUDGE BLATT, May 25, 1982:

The petitioner, Bethlehem Steel Corporation, seeks review of an order of the Workmen's Compensation Appeal Board (Board) which upheld a referee's decision granting a claim for benefits filed by Mrs. Evelyn P. Tompkins for the death of her husband Jack Keith Tompkins. The referee found inter alia:

[t]hat on August 20, 1976, while in the course of his employment, the decedent was struck by a ball of wire on his side, aggravating, causing and precipitating a rent and tear and blow out of the pre-existing abdominal aortic aneurysm contributing to and resulting in the decedent's death at 6:05 P.M. on August 20, 1976.

The petitioner argues that the finding of the referee that the decedent was struck by a bundle of wire in the course of his employment was based solely upon inadmissible hearsay testimony[1] and that it therefore was not supported by substantial evidence.

The only truly necessary finding in the referee's opinion to which the petitioner objects, however, is

---

[1] It is argued that the testimony of Mrs. Tompkins and a co-employee of the decedent as to the decedent's explanation of what occurred while he was working was inadmissible because the statements were not made in reaction to a sudden, shocking event and were in the form of narratives, not spontaneous exclamations. See Cody v. S.K.F. Industries, Inc., 447 Pa. 558, 291 A.2d 772 (1972).

that the decedent was struck by a bundle of wire while at work. Our review of the record reveals that there not only was testimony as to that fact but that the hospital report also stated that the decedent was bumped by a bundle of wire. Even were we to disregard the evidence presented by Mrs. Tompkins,[2] we would be forced to conclude that the hospital records constitute substantial evidence to support the referee's finding.

The petitioner further maintains that the medical evidence presented by Dr. Harrison on behalf of Mrs. Tompkins was equivocal in that the doctor testified only that the bump from the bundle of wire "could have" caused the aneurysm to rupture or that it was "a possibility."

Where, as here, there is no obvious causal connection between a work incident and a subsequent injury, unequivocal medical testimony establishing such causation must be presented. *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979). And the unequivocal nature of that evidence determines its legal competency and is therefore a question of law for this Court to decide based upon our review of the entire testimony of that witness. *Lehigh Valley Manpower Program v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 430, 433 A.2d 935 (1981); *Unity Builders, Inc. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 527, 413 A.2d 40 (1980); *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978).

Our examination of the deposition testimony of Dr. Harrison convinces us that, when read in its entirety,

---

[2] The referee admitted the testimony of Mrs. Tompkins on the grounds that the decedent thought that he was going to die at the time that he gave the relevant account and that his statements were therefore admissible as dying declarations.

it is unequivocal. It is true that in response to questions on cross-examination he used phrases such as "could have" and "it is possible" and that he could not say with "reasonable medical certainty" that the bump from the bundle of wire did in fact cause the aneurysm. He did, however, object to the use of the phrase "reasonable medical certainty", because he did not understand its meaning. In referring to the rupture of the decedent's aneurysm, Dr. Harrison stated that "[b]y his history, I'd have to say the action occurred in relationship to when he received this bump or whatever it was. At that point is when that apparently cut loose" and that "I've got to accept this history [of being struck by a bundle of wires] as being true, and I have to assume that the real cut-loose type of rip occurred at that point. . . ." Record at 26a. Furthermore, the doctor emphasized that the decedent's history revealed no other incident which might have precipitated the rupture and he repeatedly testified that the injury was "completely consistent" with the bump that the decedent received. This Court has previously found that a doctor's opinion that a previous work-related incident "would be consistent with" a subsequent injury constituted unequivocal medical testimony. *Westmoreland Casualty Co.*

We will therefore hold that, despite some equivocal statements by Dr. Harrison, his opinion as evidenced through the entirety of his testimony was that the decedent's injury and death were attributable to and resulted from the work-related incident, and we will, therefore, affirm the Board's order granting benefits.

ORDER

AND Now, this 25th day of May, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed and

It is ordered that judgment be entered against Bethlehem Steel Corporation and in favor of Evelyn P. Tompkins in the amount of $187 per week beginning August 20, 1976 and continuing indefinitely thereafter within the limitations and provisions of the Workmen's Compensation Act and

It is further ordered that deferred payments shall bear interest at the rate of 10% per annum from the due date thereof and

It is further ordered that funeral expenses be paid not to exceed the amount of $1,500 and

It is further ordered that counsel fees in the amount of 20% are to be paid to J. Neafie Mitchell, Esq., 18 W. Third Street, Williamsport, PA 17701, that said fees are to be deducted from the award to the date of this decision and that the balance is to be paid directly to Evelyn P. Tompkins.

Judge MENCER did not participate in the decision in this case.