William T. Zander, Petitioner *v.* Workmen's Compensation Appeal Board (Warrington Equipment Company), Respondents.

Argued June 7, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Bernard D. Cullen, Brady, Lindner & Cullen,* for petitioner.

*Kevin J. Ruane,* with him *Thomas Dempster, III,* and *John F. Dougherty, Jr.,* for respondent.

OPINION BY JUDGE CRAIG, August 24, 1982:

Claimant William T. Zander appeals the order of the Workmen's Compensation Appeal Board which affirmed a referee's order denying claimant benefits under the Workmen's Compensation Act.[1]

In May, 1974, the claimant injured his back (first injury) in the course of his employment with Warrington Equipment Company. The claimant received compensation for the resulting disability (first disability) until he returned to work in November, 1974.

The claimant testified that he continued to experience pain from his first disability, that he began doing work which involved lifting sometime in 1976 and that

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

in January, 1977, while in the course of his employment, he slipped on ice and fell. Although the claimant did not miss any work until June, 1977, he testified that he began to experience more pain than usual, and that he consulted his physician and began receiving therapy. On June 10, 1977, while driving home from a therapy session, the claimant experienced a "terrific burning pain" in his back. In connection with an operation on July 18, 1977, the operating physician determined that the claimant had a herniated disk. The claimant has not worked since.

The claimant argues that his current disability resulted from an aggravation of the first disability and, in his claim petition, states that his current disability may have been caused by lifting at work or by his January, 1977, fall.[2]

Obviously, a claimant must prove that the disability was caused by a work-related injury. Because claimant did not assert a recurrence of his first disability,[3] he must prove that his current disability was caused by a second work-related injury, whether or not the first disability is involved causally as a pre-existing condition.

The referee found that claimant did not slip and fall at work. The claimant's testimony was the only evidence of the alleged slip and fall, and the referee found that this testimony was not credible. The ref-

---

[2] Thus, claimant's position is that his first disability is a pre-existing condition and, necessarily, that the aggravation of that condition was caused by a work related injury. When work aggravates a pre-existing condition, the aggravation, even though it occurs over a period of time, is an injury under the Act. *Bechtel Power Corp. v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 562, 426 A.2d 1256 (1981).

[3] The referee found there was no recurrence of claimant's first disability.

cree may reject the testimony of any witness even though uncontradicted. *Petyak v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 159, 435 A.2d 669 (1981).

The referee, making no finding as to whether claimant's disability was caused by lifting or other activities claimant performed at work, concluded that "[T]here was no accident while in the course and scope of employment whereby claimant was injured in January, 1977." The claimant argues that the referee erred because the conclusion indicates that the referee required proof of an accident, and that the referee did not, therefore, properly consider whether claimant's disability resulted from work-related lifting. However, in that context the referee clearly used the term "accident" to refer to the alleged slip and fall. The referee expressly concluded that the claimant was not "injured."

The referee logically made no finding as to whether claimant's work aggravated his pre-existing condition because the record is devoid of any evidence as to a clear causal connection between claimant's work and the alleged injury. The referee did no more than properly to require that claimant prove that the disability resulted from a work-related injury.

When, as here, there is no obvious causal connection between the disability and a work-related injury, clear and unequivocal medical testimony is required to establish that connection. *Zoltak v. Keystone-Harmony Dairy,* 47 Pa. Commonwealth Ct. 378, 408 A.2d 198 (1979). As noted above, we have reviewed the record and find no expert medical testimony which clearly and expressly connects claimant's current disability with a (second) compensable injury. Therefore, the claimant has failed, as a matter of law, to prove his claim.

Accordingly, we affirm.

ORDER

Now, August 24, 1982, the order of the Workmen's Compensation Appeal Board, No. A-78921, dated April 2, 1981, affirming a referee's denial of compensation to claimant, is hereby affirmed.