IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tradesmen International, LLC,            :
Broadspire, and IMC Construction,       :
                          Petitioners   :
                                        :
            v.                          :  No.  450 C.D. 2022
                                        :  Submitted:  March 3, 2023
Demetrius Brown (Workers'               :
Compensation Appeal Board),             :
                          Respondent    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                           FILED:  July 14, 2023


          Tradesmen International, LLC (Employer), along with IMC Construction and
its third party administrator, Broadspire,[1] filed a Petition for Review of the April 7,
2022 order of the Workers' Compensation Appeal Board (Board) that affirmed the
Workers' Compensation Judge's (WCJ) August 12, 2021 order granting, in part,
Demetrius Brown's (Brown) Claim Petition he filed under the Workers'
Compensation Act (Act).[2]  On appeal, Employer argues the Board erred by affirming

---

[1] Employer was a subcontractor of IMC Construction (IMC).  IMC held a workers' compensation
insurance policy with Broadspire, and as a result, IMC defended the case on behalf of Employer.
Board Opinion, 4/7/22, at 1 n.1.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

the WCJ decision when it was not supported by substantial, competent evidence. Employer further argues the Board erred by affirming the WCJ's transfer of the burden of proof to Employer. Upon review, we affirm.

## I. Background and Procedural History

On February 15, 2020, Brown worked as a plumber for IT Landes, who subcontracted him to Employer. WCJ Decision and Order, 8/12/2021 (WCJ Dec.), Findings of Fact (F.F.) ¶ 1.a. On that date, Brown tripped and fell when walking up some steps at a job site, and he injured his right hand, back, and neck. *Id*. ¶ 1.b. Brown continued to work for the rest of his shift that day. *Id*. Brown did not report the incident when it happened because he did not think he had suffered a major injury. *Id*. Although his back hurt after he fell, Brown continued to work the following week as well. *Id*. ¶ 1.c.

On February 21, 2020, however, Brown reported to the emergency room (ER) at Abbington Hospital because his right hand was swollen. *Id*. ¶ 1.d. Brown had developed an infectious tenosynovitis in the tendons of his fourth and fifth fingers. *Id*. ¶ 1.c. On February 21, 2020, and again one week later, Brown underwent surgery on his right hand. *Id*. ¶ 1.d. The surgeries drained fluid that had accumulated in the tendons of Brown's hand because of the infection. *Id*. ¶ 1.c.

Brown then reported his February 15, 2020 injury to Employer's foreman. *Id*. Employer's Pre-Construction Compliance Coordinator, Derna O'Brien (Ms. O'Brien), indicated Employer learned of the injury on March 3, 2020. *Id*. ¶ 5.a.-b. Employer issued a Notice of Compensation Payable (NCP) on March 31, 2020.[3] On

---

[3] Employer issued the NCP outside the 21-day limit required by the Act, and accordingly, the WCJ granted the Penalty Petition Brown filed along with his Claim Petition. Employer did not appeal the portion of the Board's order affirming the WCJ's grant of Brown's Penalty Petition.

April 23, 2020, Brown submitted a Claim Petition seeking full disability benefits from February 21, 2020, and ongoing. Reproduced Record (R.R.) at 4a-8a.

In a decision and order circulated August 12, 2021, the WCJ granted Brown's Claim Petition in part. The WCJ ordered Employer to pay Temporary Total Disability (TTD) benefits from February 21, 2020, until June 26, 2020, which is the date the WCJ found Brown was fully recovered from his work injury. WCJ Dec. at 11. In an April 7, 2022 opinion and order, the Board affirmed the WCJ's decision and order in its entirety. Employer's Petition for Review to this Court followed.

Employer presents three issues on appeal.[4] First, Employer argues Brown's medical expert did not render a legally sufficient opinion that Brown's work-related

_____

[4] We have reframed Employer's issues on appeal for purposes of clarity and ease of analysis. In its Petition for Review, Employer presented its issues as follows:

 a. The [Board] committed an error of law, and its Decision was not supported by substantial, competent evidence, in affirming the WCJ's finding that Claimant's medical expert, Dr. Gregory Nelson, rendered a legally sufficient opinion regarding causation. Dr. Nelson based his causal opinion upon the "temporal proximity" between Claimant's complaints and the work incident. The opinion was legally insufficient and incompetent as set forth in the Supreme Court's holding in [*Lewis v. Workmen's Comp. Appeal Bd. (Pittsburgh Bd. of Educ.)*,] 498 A.2d 800 (P[a]. 1985).

b. The [Board] committed an error of law, and its Decision was not supported by substantial competent evidence, in affirming the WCJ's finding that Claimant and Dr. Nelson offered credible and persuasive testimony. The WCJ erred in accepting the testimony of Claimant and Dr. Nelson insofar as they offered conflicting testimony about the alleged hand injury and whether Claimant had cut his hand or had broken the skin. Claimant and his expert offered contradictory testimony regarding the alleged mechanism yet the judge accepted the evidence as credible. Moreover, Claimant offered inconsistent testimony about the condition of his hand after the alleged work incident.

c. The [Board] committed an error of law by affirming the WCJ's transfer of the burden of proof to the defense. Although the WCJ correctly noted that Claimant

**(Footnote continued on next page…)**

3

injury was the cause of his disability. Second, Employer argues the Board and the WCJ erred in finding that Brown and his medical expert offered credible and persuasive testimony when those witnesses offered conflicting testimony. Lastly, Employer argues the WCJ incorrectly shifted the burden of proof on the issue of causation to Employer.

## II. Discussion

In a workers' compensation appeal, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the Board's decision violates a party's constitutional rights. *See Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Shinsky)*, 421 A.2d 1060, 1062 (Pa. 1980).

## A. <u>Causation</u>

Employer argues Brown's evidence failed to support a finding that his work-related injury caused his disability. Brown's disability did not occur at the time of the incident and the causal relationship between the work injury and his subsequent disability was not obvious. As a result, unequivocal medical evidence was necessary to establish causation. *Jeannette Dist. Mem'l Hosp. v. Workmen's Comp. Appeal Bd. (Mesich)*, 668 A.2d 249 (Pa. Cmwlth. 1995).

---

bears the burden of proof on a Claim Petition, he then asserted that the defense medical expert had failed to provide an explanation for the cause of the alleged work injury. Employer bore no burden of proof. Claimant alone had that burden and he failed.

Employer's Petition for Review ¶ 8.a-c.

When a physician states that in his professional opinion a claimant's injury was caused by a specific incident, that testimony constitutes unequivocal medical expert testimony. *Indus. Recision Servs. v. Workers' Comp. Appeal Bd. (Farbo)*, 808 A.2d 994 (Pa. Cmwlth. 2002). In contrast, medical expert testimony which assumes a causal relationship between an injury and a recent event based solely on temporal proximity is equivocal and incompetent in finding a work-related injury. *Lewis v. Workmen's Comp. Appeal Bd. (Pittsburgh Bd. of Educ.)*, 498 A.2d 800 (Pa. 1985). Questions of credibility, conflicting medical evidence and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015).

Brown presented the deposition testimony of Gregory Nelson, M.D. (Dr. Nelson). Dr. Nelson stated Brown "contracted the infection when his hand scraped the cement steps." WCJ Dec., F.F. ¶ 2.b. Brown testified he did not notice a cut on his hand immediately after his fall, but his hand was "grazed" and had a "little redness." *Id*. ¶ 1.b. Dr. Nelson testified a cut was not necessary and the abrasion was sufficient to break the skin and lead to the infection. *Id*. ¶ 2.f. Dr. Nelson "related [Brown's] diagnoses to the February 15, 2020 incident" based upon "the timing of [Brown's] symptoms and the fall." *Id*. ¶ 2.g. Dr. Nelson's testimony was not equivocal, nor did he assume a causal relationship based solely on the timing of the incident. The WCJ found Dr. Nelson's testimony on causation, "credible and convincing, based upon his experience." *Id*. ¶ 8.

Employer presented the deposition testimony of John Nolan, Jr., M.D. (Dr. Nolan). Dr. Nolan opined that a deep puncture wound would have been required to

5

cause Brown's infection. Because Brown suffered no such puncture wound, but did in fact develop an infection, the WCJ did not credit this portion of Dr. Nolan's testimony. The WCJ carefully considered and weighed the expert medical testimony on causation, and we conclude the Board did not err when it affirmed the WCJ in this regard.

## B. Conflicting Testimony

Employer also argues the Board erred in accepting testimony from Brown and Brown's expert, Dr. Nelson, when their testimony conflicted at times. Questions of credibility, conflicting medical evidence, and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia*, 126 A.3d at 399 n.5. The WCJ is the ultimate factfinder, but a WCJ must provide reasons for accepting or rejecting evidence. *Id.* at 402-03.

Section 422(a) of the Act provides a WCJ "shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it . . ." 77 P.S. § 834. When faced with conflicting evidence, the WCJ "must adequately explain the reasons for rejecting or discrediting competent evidence." *Id*.

Here, the WCJ did not fully accept the testimony of Brown or Dr. Nelson. Rather, the WCJ accepted each of their testimony, in part, and provided an explanation for doing so. For example, the WCJ did not find Brown fully credible, based on his "demeanor and deportment" when testifying live before the WCJ. WCJ Dec., F.F. ¶ 6. Specifically, the WCJ witnessed Brown make a fist, despite Brown's testimony he could not do so. *Id*. Further, the WCJ did not find Brown credible regarding his back and neck injuries because his testimony conflicted with the medical reports. *Id*. The WCJ rejected Brown's testimony regarding the status of

6

his right hand where it conflicted with the accepted testimony of Dr. Nolan. *Id.* The WCJ noted Dr. Nolan was a "board-certified orthopedic surgeon, whose qualifications in such regard exceed those of Dr. Nelson." *Id.* ¶ 8. The WCJ rejected Dr. Nelson's testimony about Brown's alleged back and neck injuries. However, the WCJ found Brown's testimony about his initial injury "credible and convincing" given the consistent reports he gave at the ER. *Id.* ¶ 6.

The WCJ discussed why he accepted some testimony and rejected other testimony. He carefully parsed out portions of testimony he found credible, and those he did not. Except for Ms. O'Brien, the WCJ did not fully accept the testimony of any one individual. We find no error in the WCJ's acceptance or rejection of testimony, nor in the Board's affirmation of the WCJ.

## C. Burden of Proof

In its third and final issue on appeal, Employer argues the WCJ incorrectly shifted the burden of proof on causation to Employer. It is well established that the claimant bears the burden to prove each element required to establish entitlement to benefits in a claim petition proceeding. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592 (Pa. 1993).

While the WCJ found Employer's expert, Dr. Nolan, did not provide a viable opinion on causation, the WCJ also acknowledged Employer did not carry this burden. WCJ Dec., F.F. ¶ 8. Rather, the WCJ juxtaposed the testimony of Dr. Nelson and Dr. Nolan as further explanation for accepting the opinion of Dr. Nelson, finding his testimony "credible and convincing." *Id.* Thus, the WCJ concluded Brown met his burden of proof regarding causation and did not improperly shift the burden of proof to Employer.

7

### III.  Conclusion

For the foregoing reasons, we conclude the Board did not err when it affirmed the WCJ's order granting Brown's Claim Petition.  Accordingly, we affirm the Board's order.

_____
STACY WALLACE, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tradesmen International, LLC,      :
Broadspire, and IMC Construction,  :
                      Petitioners   :
                                   :
                v.             : No. 450 C.D. 2022
                                   :
Demetrius Brown (Workers'      :
Compensation Appeal Board),    :
                      Respondent   :

**O R D E R**

    **AND NOW**, this 14th day of July, 2023, the April 7, 2022 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

_____
STACY WALLACE, Judge