596 A.2d 1233

**Linda E. KRAUSHAAR, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DOORS, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 22, 1991.

Decided Aug. 19, 1991.

Anthony A. Seethaler, Jr., for petitioner.

Roy F. Walters, Jr. and James A. Mazzotta, for respondents.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Linda E. Kraushaar (Kraushaar) petitions for review of the order of the Workmen's Compensation Appeal Board (Board), dated September 27, 1990, which affirmed the referee's denial of her claim petition.

Kraushaar filed a claim petition seeking benefits for systemic lupus erythematosus which allegedly occurred as a result of a fire at her place of employment. Kraushaar was

employed by Doors, Inc. (employer) as an office manager. On September 4, 1984, a fire broke out on the first-floor premises of another company which was located in the same building as the employer. Kraushaar's office was located on the second floor of the building. As she attempted to exit, she was unable to use her usual route because the fire had already destroyed the stairway. Kraushaar finally escaped the building by climbing out of a window onto a roof. She then waited in a parking lot while the firefighters worked to put out the fire; she was unable to leave because her car was blocked by the fire equipment. After four hours, Kraushaar was able to leave the scene.

When Kraushaar awoke the following morning she noticed a rash across her face and she felt sore. In the ensuing days and weeks she developed significant soreness in her joints. Kraushaar contacted her family physician in November 1984 and was tested for lupus. The test for lupus was negative. After several months Kraushaar came under the care of Dr. Thomas Medsger who performed tests and diagnosed her condition as systemic lupus erythematosus.

Kraushaar filed this claim petition on October 14, 1986. In addition to her own testimony, she submitted the deposition testimony of Dr. Medsger. Dr. Medsger opined that the physical and emotional stresses experienced by Kraushaar during the fire at work precipitated her illness.

The employer submitted the deposition testimony of Dr. Phillip Balk. Dr. Balk agreed with Dr. Medsger's diagnosis of lupus, but he opined that emotional stress cannot precipitate lupus.

The referee accepted the testimony of Dr. Balk as credible and dismissed Kraushaar's claim petition. Kraushaar appealed to the Board, alleging that the referee committed error in accepting Dr. Balk's testimony over Dr. Medsger's testimony and further alleging that the referee abused his discretion by granting several continuances to the employ-

er.[1] The Board, in its opinion, only addressed the question of Dr. Balk's testimony as competent evidence and did not address the question of error in granting continuances. The Board affirmed the referee's dismissal of Kraushaar's claim petition.

Kraushaar raises the following issues in her statement of questions involved: (1) whether the referee's findings meet the substantial evidence test; (2) whether the Board committed an error of law in misstating the testimony of both experts concerning causation and apparently applying an improper standard on the issue of causation; (3) whether there were procedural errors committed by the referee that justify reversal; and (4) whether the basis on which deference to referee's determinations of credibility is predicated upon a flawed premise.

Before us, the only issues which were properly preserved for review are whether the medical testimony constitutes substantial evidence to support the referee's findings (Issues 1 and 2) and whether the continuances constituted error.[2] Issue 4 was not raised before the Board and will not be addressed here. Pa.R.A.P. 1551.

 Our scope of review is limited to determining whether an error of law was committed or constitutional rights were violated, and whether all necessary findings of fact are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990).

---

1. The issue of error in accepting Dr. Balk's testimony was raised on Kraushaar's filed appeal form alleging error of law at (a), (b), and (c) and on the filed appeal from the Findings of Fact at (b), which subsection appeared twice. Kraushaar also appealed Finding of Fact 5 which stated that she inhaled fumes *after* she exited the building.

2. Kraushaar's Issue 3 in her statement of questions involved does not specify procedural errors she complains of, but argument in her brief is addressed to the continuances. Since this was properly raised before the Board, although not addressed by it, we will address it here.

 Kraushaar's brief does not contain any argument regarding Finding of Fact 5 although it was raised before the Board. Accordingly, we will not address it.

In *McGovern v. State Employes' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986), our Supreme Court held that this Court's scope of review regarding findings of fact is governed by the Administrative Agency Law, 2 Pa.C.S. § 704, which requires this Court to affirm a finding of fact unless the finding is not supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Berardelli v. Workmen's Compensation Appeal Board (Bureau of Personnel State Workmens Insurance Fund)*, 134 Pa.Commonwealth Ct. 450, 578 A.2d 1016 (1990).

Kraushaar argues that the referee mischaracterized the testimony of the witnesses in his findings of fact, thus committing an error of law in his findings relating to causation. Kraushaar contends that the referee failed to review the evidence as a whole and alleges that there are inconsistencies in Dr. Balk's testimony which render the referee's findings unsupported by substantial evidence.

■ In workmen's compensation cases, where there is no obvious causal connection between an injury and the alleged cause, that connection must be established by unequivocal medical testimony. *Zander v. Workmen's Compensation Appeal Board (Warrington Equipment Co.)*, 68 Pa.Commonwealth Ct. 412, 449 A.2d 784 (1982).

The referee in the present case accepted as credible the testimony of Dr. Balk and found that there was no causative link between the fire at work and the onset of Kraushaar's lupus. Kraushaar contends that Dr. Balk made equivocal statements on the issue of causation, thus rendering the referee's finding unsupported by substantial evidence.

■ The question of whether medical evidence is equivocal and uncertain on the one hand or unequivocal and positive on the other goes to the matter of competency, and it is this Court's duty to determine whether medical testimony was unequivocal and thus competent evidence in a workmen's compensation case. *Evans v. Workmen's Compen-*

*sation Appeal Board (Anchor Hocking Corp.),* 87 Pa.Commonwealth Ct. 436, 487 A.2d 477 (1985). Expert testimony must be reviewed in its entirety to determine if it expresses the unequivocality required to be competent evidence. *Id.*

██ Dr. Balk testified that he conducted an examination of Kraushaar and that he reviewed reports of diagnostic tests which had been performed. When asked his opinion regarding Kraushaar's medical condition, he stated, "I believe she probably does have systemic lupus erythematosus." (Balk deposition, 3/14/88, p. 9, R.R. p. 173a) Kraushaar alleges that the following exchange from Dr. Balk's direct examination constitutes proof that his testimony was equivocal and incompetent:

Q. Doctor, have you formed an opinion as to whether there is a relationship between the lupus condition which Linda Kraushaar presents with and the events she described as happening at work in September of 1984?

A. I cannot find a relationship between those two.

Q. And, Doctor, in your opinion, why is there no relationship between the two events; the work incident on September 4, 1984 and the subsequent development of lupus?

MR. SEETHALER: Doctor, if I may interpose an objection. I think you're mischaracterizing his testimony. It's not that there's no relationship. He said he cannot find a relationship. And if you read back your question, I think that it misstates his previous answer.

. . . . .

THE WITNESS: There is no documentation that is valid, in my opinion, relating these two events; namely, the precipitation of the symptoms of lupus and the type of environmental and personal exposure that Mrs. Kraushaar related to me.

BY MR. SHERMAN:

Q. Doctor, do you have an opinion as to whether the events on September 4, 1984 caused the lupus condition with which this woman presents?

A. Let me just digress for a second. We don't know the cause of lupus, the underlying basic cause of lupus. We do recognize that a number of factors have been identified in the precipitation of symptoms that make a person ill, that brings them to a doctor, that leads a doctor then to diagnose it. And that one factor is, in this case, the day after her exposure, when she had the facial rash which apparently looked to be the rash of lupus from everything she can tell me and it is rather distinctive, the rash.

So I suspect the physician who did see her was correct in diagnosing a rash of lupus. What role that the rash precipitation and the previous day's event play, I can't state. There is no—I have no historical or clinical evidence to go back to to state that there was a relationship between those two. And I simply can't state that I can find any relationship between those except the fact that it happened one day and the next day she had the rash.

(Deposition, pp. 12–14, R.R. pp. 176a–178a)

Elsewhere in Dr. Balk's testimony, he states that lupus is precipitated by hormonal factors, genetic factors and environmental factors. In terms of environmental factors, Dr. Balk stated that sunlight and certain drugs have been documented as causes of lupus. Dr. Balk further stated that he does not accept emotional stress as a precipitating factor to lupus, in opposition to the opinion expressed by Dr. Medsger, Kraushaar's witness. Dr. Balk also stated that he found that Kraushaar was not exposed to sunlight for an extended period of time on the day of the fire nor was she given any medication and, as a result, Dr. Balk did not find that environmental factors caused Kraushaar's lupus. The referee accepted Dr. Balk's testimony.

Upon examination of Dr. Balk's entire testimony, we find that it expresses the unequivocality required to be compe-

tent evidence and that it constitutes substantial evidence in support of the referee's findings.

■ Kraushaar further argues that the referee committed error and abused his discretion by granting several continuances to the employer, over her objection, for the purpose of presenting medical testimony. Kraushaar concluded her case in May of 1987 and the employer was granted four continuances until its case was concluded in April of 1988.

34 Pa.Code § 131.5 sets forth the rule regarding continuances and provides:

(a) *General rule.* Continuances may be granted for cause shown at the discretion of the referee to whom the case has been assigned, provided that such action is consistent with this chapter and the purposes of the act and the Disease Law, if applicable.

In the present case, the employer requested the continuances when it encountered delay in submitting medical reports to its expert witness. The referee granted these requests. When notice of the April 7, 1988 hearing was mailed on March 7, 1988, the referee attached a notice that no further continuances would be granted and that the final hearing would be held April 7, 1988. We determine that the referee's actions were well within his discretion; furthermore, Kraushaar has not demonstrated in the record that she was prejudiced by the referee's grant of continuances.

Accordingly, we affirm the order of the Workmen's Compensation Appeal Board which affirmed the referee's denial of Kraushaar's claim petition.

### ORDER

AND NOW, this 19th day of August, 1991, the order of the Workmen's Compensation Appeal Board, dated September 27, 1990, is affirmed.