**Dennis MOYER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (POCONO MOUNTAIN SCHOOL DISTRICT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 2009.

Decided May 21, 2009.

Jerome P. Foley, Mt. Pocono, for petitioner.

Ellen J. Kaska, Allentown, for respondent.

BEFORE: PELLEGRINI, Judge, BUTLER, Judge, and KELLEY, Senior Judge.

OPINION by Judge PELLEGRINI.

Dennis Moyer (Claimant) appeals the decision of the Workers' Compensation Appeal Board (Board) reversing the order of the Workers' Compensation Judge (WCJ) granting Claimant's claim petition against Pocono Mountain School District (Employer) because it found the testimony of Claimant's medical witness equivocal.[1]

Claimant was employed as a custodian by Employer. In April 2007, he filed a claim petition alleging that in March 2007, he sustained a work-related lower back injury when he lifted a large bucket of water to pour down the sink, after which he was totally disabled. Employer issued a notice of denial, maintaining that Claimant had not sustained a work-related injury and that he had no medical evidence to support a claim of disability.

Before the WCJ, Claimant testified that his job required light and heavy cleaning, and that he would mop, sweep and move desks and also that he used a floor polisher machine once or twice a week. Claimant explained that he worked between 3:00 p.m. and 11:00 p.m. and cleaned 14 classrooms as well as a stairwell and part of a hallway. According to Claimant, on March 2, 2007, while lifting a large bucket of water to dump in the sink, he heard something pop in the center of his back and his legs gave out and he fell down. Claimant testified that he called for help from his co-workers, but they did not hear him and it took him between 5 and 10 minutes to get up. Claimant explained that he had to use a wheeled-trash can as a walker so he could walk to a room and call his supervisor, Rich Turner (Turner), who then took Claimant to the hospital. He further testified that after that incident he had sharp, stabbing pain in his lower back and could not stand up straight and he experienced numbness in his legs. Claimant acknowledged that he had experienced lower back problems prior to the March 2007 accident, but stated that he could and did work despite those problems, while now the problems had intensified and he could no longer perform his job.

Behzad Maghsoudlou, M.D. (Dr. Maghsoudlou), board certified in neurology, testified on behalf of Claimant. He first examined Claimant in November 2005 for back issues that pre-existed his work injury. After Claimant described how the March 2, 2007 injury occurred and the resulting increase in his back pain, Dr. Maghsoudlou testified that it was his impression that Claimant had suffered an acute exacerbation of his condition which was caused by the lifting and emptying of the bucket because it was the only explanation for Claimant's symptoms. According to Dr. Maghsoudlou, Claimant's symptoms were intractable and Claimant could

---

1. Claimant also filed a subsequent claim petition alleging carpal tunnel syndrome. The petitions were consolidated and heard before the same WCJ. The WCJ denied Claimant's claim petition for carpal tunnel syndrome, and that petition is not on appeal here. Accordingly, only the information relating to Claimant's back injury claim petition is contained within this opinion.

not return to his pre-injury duties following the March 2, 2007 incident.

On the issue of Claimant's back injury, Employer submitted the medical testimony of Michael D. Wolk, M.D. (Dr. Wolk), board certified in physical medicine and rehabilitation. He testified that he reviewed Claimant's various medical records and that Claimant had a history of back problems unrelated to work. In his opinion, Claimant's accident on March 2, 2007, was not an aggravation of his pre-existing condition or a new injury, but rather a recurrence of his long-standing lower back problems. In his opinion, Claimant had no work injury and was able to return to his job. On cross-examination, Dr. Wolk stated that as a result of the March 2, 2007 incident, Claimant was more symptomatic and had to go to the hospital.

The WCJ found Claimant credible and found as more credible and persuasive the testimony and opinions of Dr. Maghsoudlou than those of Dr. Wolk, whom he found not credible. He found that Claimant suffered a work-related aggravation of a pre-existing back problem and, as result, Claimant could not return to his pre-injury duties.

Employer appealed to the Board, arguing that Claimant had not presented substantial evidence that his injury was work-related because Dr. Maghsoudlou was equivocal. Employer maintained that Dr. Maghsoudlou's opinion was based on an assumption that the incident aggravated Claimant's pre-existing condition because the aggravation occurred immediately after he lifted the bucket and was, thus, insufficient. Relying on *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 508 Pa. 360, 498 A.2d 800 (1985), the Board reversed the order of the WCJ. This appeal followed.[2]

■ Claimant maintains that the Board erred in finding Dr. Maghsoudlou's testimony equivocal because when taken a whole, that testimony established a causal connection between the work incident and Claimant's current disability.[3] We note that there are no "magic words" a medical expert must say to establish causation and reviewing bodies are not permitted to pick one or two sentences out of context—rather, the testimony as a whole must contain a requisite level of certainty necessary to deem it unequivocal. *See Thomas Jefferson University Hospital v. Workmen's Compensation Appeal Board (Giordano)*, 116 Pa.Cmwlth. 392, 541 A.2d 1171 (1988); *Bethlehem Mine Corporation v. Workmen's Compensation Appeal Board (Plutch)*, 97 Pa.Cmwlth. 346, 509 A.2d 942 (1986).

■ Testimony is equivocal when the medical expert merely assumes that an injury is work-related based on temporal proximity to a work event. *See Lewis.* In *Lewis*, the medical witness was found equivocal in part because he assumed that the injury was caused by a work incident.

---

2. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or whether necessary findings of fact were supported by substantial evidence. *Bachman Company v. Workmen's Compensation Appeal Board (Spence)*, 683 A.2d 1305 (Pa.Cmwlth.1996).

3. A claimant bears the burden of presenting unequivocal medical testimony to establish the causal link between a work incident and a disability when such a causal link is not obvious, and the causal link is not obvious if a claimant has a pre-existing condition related to the same body part the claimant alleges was injured at work. *School District of Philadelphia v. Workmen's Compensation Appeal Board (Lanier)*, 727 A.2d 1171 (Pa.Cmwlth. 1999). The question is one of law and is fully reviewable. In reviewing medical testimony, the testimony *must be examined as a whole.*

In that case, the claimant had pre-existing neck problems from a football injury. He alleged that he incurred a work-related injury while moving furniture. He did not go to the hospital until nine days after the injury and then underwent surgery. To establish that the injury was work-related, the claimant's doctor testified that the work incident *could have been* directly or indirectly the cause of claimant's condition. He then read from a report he prepared in which he stated that the claimant's symptoms could have been aggravated simply through the normal aging process or through repeated trauma to the neck incurred in football coaching. More pertinent is *Bisei v. Workmen's Compensation Appeal Board (Tower Lines, Inc.)*, 61 Pa. Cmwlth. 260, 433 A.2d 592 (1981), in which two physicians testified but neither could offer a diagnosis for the claimant's symptoms. One stated he could only assume that they were related to the recent accident because they coincided with its occurrence, and the other repeatedly stated that he did not have an opinion on the etiology of the claimant's symptoms. Those cases, however, are distinguishable from the facts in this appeal.

The statement that Employer and the Board focused on in finding that Dr. Maghsoudlou's testimony was equivocal resulted from the following exchange:

Q. Doctor, the claimant worked for the school district for approximately four years and intermittently did miss days from work because of back pain, but never any significant or consistent time. On 3/2/07 he lifted a bucket and since then he's been out of work. What is your opinion as to the relationship as to why he's out of work and that incident?

A. Well, I always just form an opinion with what I hear as far as what they [sic] history is, so if we think, if we believe that Mr. Moyer's exacerbation of the symptoms immediately started after lifting that 40 or 50 pound object, then I have no other way of explaining his worsening of symptoms except for lifting a heavy object.

(R.R. at 132–134.)

However, we do not find that exchange to resemble the insufficient testimony given in *Lewis*, in which the physician testified that the work injury *could have* been the cause of the disability and where the physician assumed that the claimant's condition was a result of the work incident because the claimant mentioned that he felt worse after, or the testimony in *Bisesi*, in which neither physician could offer a diagnosis.

In giving his opinion that the injury was work-related, Dr. Maghsoudlou relied on the fact that there was a definite and documented injury at work requiring hospital treatment as well as corroborating medical documents that Claimant had indeed suffered an injury while lifting a heavy object and had sought emergency treatment. Based on Claimant's description of his symptoms that the WCJ found credible, Dr. Maghsoudlou's opinion that the injury was work-related is not based on an assumption that Claimant's injuries *could* cause such results, but rather, that if the accident occurred as Claimant described it, then it *was* the cause of those results. Moreover, as the WCJ noted, Dr. Maghsoudlou had examined Claimant before his work injury for lower back issues and that following the work incident, he noticed a definite change in Claimant's symptoms and response to treatment. When his testimony is examined as a whole, Dr. Maghsoudlou's opinion that the injury was work-related is not based on the fact that the event of lifting the bucket and the injury were temporally related, but rather on a host of factors that led him inescapably to that conclusion.

Accordingly, the Board erred in reversing the order of the WCJ, and its order is reversed and the order of the WCJ is reinstated.

## ORDER

AND NOW, this 21st day of May, 2009, the December 30, 2008 Order of the Workers' Compensation Appeal Board at No. A08–1069 is reversed and the decision of the Workers' Compensation Judge at Bureau Claim No. 3116974 is reinstated.