# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Firedex of Butler, Inc. and Star
Insurance Company,                        :
                                          :
              Petitioners                 :
                                          :
       v.                                 : No. 1625 C.D. 2017
                                          : Submitted: July 6, 2018
Workers' Compensation Appeal              :
Board (Warner),                           :
                                          :
              Respondent                  :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  November 28,  2018**


Firedex of Butler, Inc. (Firedex) and its insurer Star Insurance Company (collectively, Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision and order of a Workers' Compensation Judge (WCJ).  The WCJ denied Employer's petition to review medical treatment and/or billing (Review Medical Petition) and petition to terminate compensation benefits (Termination Petition).  For the reasons that follow, we reverse the denial of the Review Medical Petition, but affirm the denial of Employer's Termination Petition.

Jarrod Warner (Claimant) sustained a work-related injury to his left ankle on January 24, 2006 in his work for Firedex.  (3/25/16 WCJ Decision Finding of Fact (F.F.) ¶4; Claimant Ex. 1 5/12/10 Testimony of Claimant (5/12/10 N.T.

Claimant) at 9-10, Supplemental Reproduced Record (Supp. R.R.) at 49-50; WCJ Ex. 1 Notice of Compensation Payable (NCP), Reproduced Record (R.R.) at 1a.) Claimant had been employed by Firedex as a carpenter for approximately two months at the time of his injury. (3/25/16 WCJ Decision F.F. ¶4; Claimant Ex. 1 5/12/10 N.T. Claimant at 7-8, Supp. R.R. at 47-48.) On February 17, 2006, Employer issued an NCP acknowledging this work injury as a left ankle sprain and paid Claimant total disability benefits pursuant to the Workers' Compensation Act (Act).[1] (WCJ Ex. 1 NCP, R.R. at 1a.) Claimant was prescribed narcotic pain medications after his work injury, including methadone. (3/25/16 WCJ Decision F.F. ¶¶4, 8, 11, 13; Claimant Ex. 1 5/12/10 N.T. Claimant at 14, Supp. R.R. at 54.) Claimant had been taking methadone for two years before the work injury as treatment for drug addiction; his dosage, however, increased following the work injury. (3/25/16 WCJ Decision F.F. ¶¶4, 8, 13; Claimant Ex. 1 5/12/10 N.T. Claimant at 14-16, 34-35, Supp. R.R. at 54-56, 74-75.) Claimant also suffered several additional injuries to his left foot and ankle after January 24, 2006 when he was not working, including a fracture in a motor vehicle accident in August 2007. (3/25/16 WCJ Decision F.F. ¶¶4, 8, 9, 13; Claimant Ex. 1 5/12/10 N.T. Claimant at 18-23, Supp. R.R. at 58-63.)

In 2010, Claimant filed a penalty petition, and Employer filed petitions to review medical treatment, to terminate compensation benefits, and to modify benefits. (WCJ Ex. 1 5/16/12 WCJ Decision F.F. ¶1, Supp. R.R. at 562.) In 2012, before any ruling on those petitions, the parties entered into a compromise and release agreement (C&R Agreement), Employer amended its modification petition to a petition to approve the C&R Agreement, and the parties withdrew their review medical, termination, and penalty petitions. (*Id.* F.F. ¶¶2-3, Supp. R.R. at 562.) On

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.1, 2501–2708.

May 16, 2012, a WCJ issued a decision and order approving the C&R Agreement. (3/25/16 WCJ Decision F.F. ¶3; WCJ Ex. 1 5/16/12 WCJ Decision, Supp. R.R. at 558-572.) Pursuant to the C&R Agreement, Employer paid Claimant $110,000 to resolve all wage loss indemnity benefit claims, but Employer remained responsible for reasonable and necessary medical benefits for Claimant's work injury. (3/25/16 WCJ Decision F.F. ¶3; WCJ Ex. 1 5/16/12 WCJ Decision F.F. ¶4, Supp. R.R. at 562; WCJ Ex. 1 C&R Agreement ¶¶4, 6-8, 10, Supp. R.R. at 564a-565a, 567a.)

On August 8, 2014, Employer filed the Review Medical Petition and Termination Petition at issue in this appeal. Employer submitted in support of these petitions the deposition testimony and report of Dr. Richard Kozakiewicz, a physical medicine and rehabilitation physician who examined Claimant on its behalf on June 2, 2014. Claimant did not testify, but submitted his testimony from a May 12, 2010 hearing on the 2010 petitions. Claimant submitted depositions of two of his past treating physicians, Dr. Dane Wukich, an orthopedic surgeon, and Dr. Megan Cortazzo, a pain medicine and physical medicine and rehabilitation physician, taken in 2010 and 2011 with respect to the 2010 petitions, and a 2011 report of Dr. Cortazzo. Claimant also submitted medical records for the period 2013 to 2015 from his current treating physician, Dr. James Mathews, but did not submit any testimony or report from Dr. Mathews or any other physician offering any opinions concerning Claimant's treatment or medical condition after 2011. Employer objected to the admission of the depositions of Drs. Cortazzo and Wukich, Dr. Cortazzo's report, and Claimant's 2010 testimony on the ground that they were irrelevant because they did not relate to Claimant's condition in 2014 and on the ground that they were hearsay. (6/26/15 Hearing Transcript (H.T.) at 7-11, R.R. at 84a-88a.) Employer also objected to the depositions of Drs. Cortazzo and Wukich, Dr. Cortazzo's report, and Dr. Mathews' records to the extent that they related to

3

conditions that were beyond the scope of Claimant's accepted injury. (*Id.* at 7-9, R.R. at 84a-86a; 9/18/15 H.T. at 21, R.R. at 111a.) The WCJ overruled Employer's objections. (6/26/15 H.T. at 8-11, R.R. at 85a-88a; 9/18/15 H.T. at 21, R.R. at 111a.)

On March 25, 2016, the WCJ issued a decision and order denying the Review Medical Petition and Termination Petition. The WCJ found the medical opinions of Drs. Cortazzo and Wukich credible and rejected the opinions of Employer's medical expert, Dr. Kozakiewicz, as not credible. (3/25/16 WCJ Decision F.F. ¶13.) Based on the testimony of Drs. Cortazzo and Wukich, the WCJ held that Claimant's work injury was not limited to the left ankle sprain accepted in the NCP and included reflex sympathetic dystrophy/complex regional pain syndrome (RSD/CRPS). (*Id.*) The WCJ held that Employer had the burden of proof on both the Review Medical Petition and the Termination Petition and concluded that Employer did not satisfy its burden on either petition, given his credibility findings. (*Id.* F.F. ¶13, Conclusion of Law ¶1.) Employer appealed to the Board, which affirmed the WCJ's decision and order on October 4, 2017.

On appeal to this Court,[2] Employer argues that the WCJ erred in holding that Claimant's work injury included RSD/CRPS and in denying its Review Medical Petition and Termination Petition based on the 2010 and 2011 medical expert testimony introduced by Claimant. We agree that the WCJ erred in expanding the work injury beyond the injury set forth in the C&R Agreement and denying the Review Medical Petition, but conclude that the WCJ did not err in denying the Termination Petition.

---

[2] This Court's review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Kurtz v. Workers' Compensation Appeal Board (Waynesburg College),* 794 A.2d 443, 447 n.5 (Pa. Cmwlth. 2002).

Pursuant to Section 449 of the Act,[3] when parties agree to the compromise and release of a claim, the C&R Agreement must be submitted to a WCJ, who shall approve the agreement following a determination that the agreement contains all of the necessary information provided for in the Act and that the claimant understands the full legal significance of the document. 77 P.S. § 1000.5(b). The Act requires that every C&R Agreement set forth details of the claim, including "the nature of the injury," and that the "agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses." 77 P.S. § 1000.5(b), (c)(3). Once a C&R Agreement is approved by a WCJ, it is final, conclusive and binding on the parties, and may not be set aside absent a clear showing of fraud, deception, duress, mutual mistake or unilateral mistake attributable to an opposing party's fault. *Haslam v. Workers' Compensation Appeal Board (London Grove Communication)*, 169 A.3d 704, 709 (Pa. Cmwlth. 2017); *DePue v. Workers' Compensation Appeal Board (N. Paone Construction, Inc.)*, 61 A.3d 1062, 1067 (Pa. Cmwlth. 2013).

A claimant may not expand or modify the description of an injury acknowledged in an approved C&R Agreement unless that right is expressly reserved in the agreement. *Haslam*, 169 A.3d at 709; *DePue*, 61 A.3d at 1067. In *DePue*, the claimant and employer entered into a C&R Agreement to resolve the indemnity portion of the claim with the employer agreeing to continue to pay "all reasonable and related medical bills" for a work injury described as "any and all injuries suffered at [the employer], including but not limited to the accepted injuries of a severe closed head injury with seizure disorder and short term memory loss." 61 A.3d at 1064 (emphasis omitted). This Court held that the claimant could not correct or expand the work injury to include a left shoulder injury allegedly caused

---

[3] Added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5.

by the work accident and compel payment of medical bills for that injury where the employer had not accepted liability for that injury in its NCP, holding that the claimant's failure to "expressly reserve his right to add a new injury to the description of his work injuries" precluded him from doing so after the C&R Agreement was approved. *Id.* at 1067-68. In *Haslam*, this Court similarly held that a claimant could not expand or modify the description of his injury to include RSD/CRPS where he had entered into a C&R Agreement with the employer which settled the indemnity portion of the case but required the employer to continue paying medical benefits related to an injury that was described as a right and left foot fracture. 169 A.3d at 706, 709.

The C&R Agreement here settled the indemnity portion of Claimant's claim against Employer and any other claim that Claimant could bring against Employer, but provided that Employer remained liable for "future medical treatment or healthcare for the compensable injury detailed in paragraphs 1 and 4 at page 1 [of the C&R Agreement], which remains open." (C&R Agreement ¶¶4, 6-8, Supp. R.R. at 565, 567.) The C&R Agreement defined Claimant's compensable injury by reference to the NCP, stating:

> Liability under the [Act] was established by 02/17/2006 notice of compensation payable for an injury to the left ankle (the "compensable injury"), which is the controlling legal document.

(*Id.* ¶4, Supp. R.R. at 564.) The C&R Agreement further stated:

> Excluding the right to future medical treatment or healthcare for the compensable injury detailed in paragraphs 1 and 4 at page 1, which remains open, subject to the terms of the [Act] and all related rules and regulations, this compromise and release agreement ("CRA"), if approved as is by a signed decision or order of an adjudicating workers' compensation judge ("WCJ"), covers and forever settles all past, present (pending), and future claims or liability for each injury, condition, illness, disease,

6

> disability, loss, specific loss, and scar or disfigurement of the head, face, and neck, whether known or unknown, and every claimed and unclaimed consequence thereof, known and unknown, which in any way is or may be related to the employee's employment with, for, or by the employer, including those for which liability, if any, has been established and exists under the [Act], and those, if any, for which liability has been or could have been asserted under the [Act] ….

(*Id.*, Supp. R.R. at 567) (emphasis added). The only injury accepted by the NCP was a "sprain" of the left ankle. (WCJ Ex. 1 NCP, R.R. at 1a.) Nothing in the NCP references RSD/CRPS or any chronic pain condition and there was no WCJ decision prior to the C&R Agreement expanding the work injury beyond a left ankle sprain or any acceptance by Employer of liability for RSD/CRPS or any condition beyond a left ankle sprain. Claimant was therefore barred from expanding the description of his work injury to include RSD/CRPS and the WCJ's amendment of the work injury was error. *Haslam*, 169 A.3d at 709; *DePue*, 61 A.3d at 1067.

This does not, however, resolve the question of whether Employer was required to pay for Claimant's treatment or whether the WCJ erred in denying the Review Medical Petition. In *Haslam*, we held that although the claimant was foreclosed from altering the description of the work injury, he was not barred from contending that the medical treatment for his RSD/CRPS was within the scope of the medical benefits that the employer had agreed to pay in the C&R Agreement. 169 A.3d at 709. Because the employer had agreed in the C&R Agreement to "pay for all reasonable and necessary medical expenses that are related to" the acknowledged work injury of a fracture of the claimant's feet, employer was required to pay for treatment of the claimant's RSD/CRPS because that condition was "related to [c]laimant's fractured feet." *Id.* at 709-10 (emphasis omitted).

The issue to be determined on a petition to review medical treatment is whether the medical treatment is related to the work injury or for symptoms causally

7

connected to the accepted work injury. *Haslam*, 169 A.3d at 708; *Kurtz v. Workers' Compensation Appeal Board (Waynesburg College),* 794 A.2d 443, 447 n.7 (Pa. Cmwlth. 2002); *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1317-18 (Pa. Cmwlth. 1996). The burden of proof as to the treatment for symptoms that are not included in the accepted work injury is not automatically on the employer or on the claimant; rather, who bears the burden of proof depends on whether the causal connection between the treatment or symptoms and the compensable work injury is "obvious." *Haslam*, 169 A.3d at 710; *Kurtz*, 794 A.2d at 447-48. If the causal connection is obvious, the burden falls on the employer to prove that the treatment or symptoms are not related to the work injury. *Haslam*, 169 A.3d at 710; *Kurtz*, 794 A.2d at 448. If, on the other hand, the causal connection is not obvious, the burden on a petition to review medical treatment is on the claimant to prove by unequivocal medical testimony that the treatment or symptoms for which the treatment was provided are related to the accepted work injury. *Kurtz*, 794 A.2d at 448. "An 'obvious' connection 'involves a nexus that is so clear that an untrained lay person would not have a problem in making the connection between' the new symptoms and the compensated injury; the new symptoms would be a 'natural and probable' result of that injury." *Kurtz*, 794 A.2d at 447-48 (quoting *Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.)*, 595 A.2d 781 (Pa. Cmwlth. 1991)); *see also Haslam*, 169 A.3d at 710.

Here, the treatment at issue was for left foot and ankle RSD/CRPS that Claimant was experiencing in 2014 and the connection between that pain condition and the accepted work injury of a 2006 left ankle sprain is not obvious. The causal connection between a pain condition in the same body part as the work injury and the work injury can be obvious. *Haslam*, 169 A.3d at 710; *Kurtz*, 794 A.2d at 448.

8

If, however, the claimant has other non-work injuries or medical conditions involving the same part of the body, the causal connection is not obvious. *Moyer v. Workers' Compensation Appeal Board (Pocono Mountain School District)*, 976 A.2d 597, 599 n.3 (Pa. Cmwlth. 2009); *Somerset Welding & Steel v. Workmen's Compensation Appeal Board (Lee)*, 650 A.2d 114, 117 n.4 (Pa. Cmwlth. 1994). Claimant's work injury was not the only injury to his left foot or ankle or the most severe; he had multiple other non-work injuries to his left foot and ankle, including a 2007 fracture in a motor vehicle accident. (3/25/16 WCJ Decision F.F. ¶¶4, 8, 9, 13; Claimant Ex. 1 5/12/10 N.T. Claimant at 18-23, Supp. R.R. at 58-63.) In addition, Claimant had a history prior to the work injury of taking one of the medications at issue here, methadone, as a treatment for a preexisting addiction. (3/25/16 WCJ Decision F.F. ¶¶4, 8, 13; Claimant Ex. 1 5/12/10 N.T. Claimant at 14-16, Supp. R.R. at 54-56.) Given these possible alternative causes for his pain and treatment, the causal relationship is not obvious without unequivocal medical expert opinion. The burden was therefore on Claimant to show that his 2014 medical treatment was related to his work injury, and the WCJ erred in placing the burden on Employer to show that the treatment was not work related. *Kurtz*, 794 A.2d at 448.

Moreover, the evidence relied on by the WCJ was insufficient to satisfy Claimant's burden of proof. The evidence on which the WCJ based his conclusion that Claimant's treatment was related to his work injury, Dr. Cortazzo's and Dr. Wukich's medical opinions, concerned Claimant's medical condition and treatment in 2010 and 2011, several years before the medical treatment at issue here. Indeed, there was not even testimony from Claimant as to his symptoms in 2014; only his

9

testimony from 2010 was introduced in evidence.[4]  While medical records of Dr. Mathews concerning Claimant's treatment in 2013, 2014, and 2015 were introduced in evidence, these only documented Claimant's treatment and do not contain any opinion that the treatment or the condition for which Claimant was treated was related to his 2006 ankle sprain.  To the contrary, Dr. Mathews' records refer to a more recent broken ankle as the source of the RSD/CRPS that he was treating and to a "severe injury to left leg and resultant pain." (Claimant Ex. 5 2/21/13, 4/16/16 Notes & 6/3/13 Medical Assessment Form, Supp. R.R. at 260, 315, 414.)  The only medical opinions in evidence concerning whether Claimant's condition and treatment at issue were connected to the 2006 work injury were those of Employer's medical expert, Dr. Kozakiewicz.  Dr. Kozakiewicz, however opined that the treatment was not causally related to the work injury (Employer Ex. A Kozakiewicz Report at 3-4, Supp. R.R. at 514-515; Employer Ex. B Kozakiewicz Dep. at 19-24, R.R. at 36a-41a), and the WCJ rejected his testimony as not credible.

While Employer is correct that the WCJ erred in denying the Review Medical Petition, Employer's arguments with respect to the Termination Petition fail.  On a termination petition, the burden of proof is on the employer, not the claimant, and Employer was required to show by credible, competent medical evidence either that Claimant's disability has ceased or that any disability from which he still suffers is not caused by the work injury. *Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2006); *Campbell v. Workers' Compensation Appeal Board (Antietam Valley Animal Hospital)*, 705 A.2d 503, 506–07 (Pa. Cmwlth. 1998).  Because the

---

[4] We do not agree with Employer's contention that the 2010 and 2011 testimony was irrelevant or hearsay and therefore inadmissible.  The mere fact that evidence is relevant and admissible, however, does not make it sufficient to satisfy a party's burden of proof. *Rossi v. Workmen's Compensation Appeal Board (City of Hazleton)*, 642 A.2d 1153, 1157 (Pa. Cmwlth. 1994).

WCJ did not find Dr. Kozakiewicz credible, Employer could not sustain its burden of proof, and the Termination Petition was properly denied. *Campbell*, 705 A.2d at 507.

Contrary to Employer's contentions, the WCJ's rejection of Dr. Kozakiewicz's testimony is not reversible error. In workers' compensation matters, the WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and witness weight. *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59 (Pa. Cmwlth. 2014); *Elliott Turbomachinery Co. v. Workers' Compensation Appeal Board (Sandy)*, 898 A.2d 640, 647 (Pa. Cmwlth. 2006). The WCJ may accept or reject the testimony of any witness, including medical witnesses, even if the witness's testimony is uncontradicted. *Furnari*, 90 A.3d at 70; *Elliott Turbomachinery Co.*, 898 A.2d at 647; *Capasso v. Workers' Compensation Appeal Board (RACS Associates, Inc.)*, 851 A.2d 997, 1002 (Pa. Cmwlth. 2004). Unless made arbitrarily or capriciously, determinations of witness credibility and evidentiary weight will not be reversed on appeal. *Furnari*, 90 A.3d at 70; *Casne v. Workers' Compensation Appeal Board (STAT Couriers, Inc.),* 962 A.2d 14, 19 (Pa. Cmwlth. 2008). The WCJ here set forth reasons why he rejected the opinion of Dr. Kozakiewicz that are supported by the record. (3/25/16 WCJ Decision F.F. ¶13.) The WCJ's credibility determinations were thus not arbitrary or capricious and may not be disturbed by this Court.

Accordingly, we reverse the order of the Board insofar as it affirmed the denial of Employer's Review Medical Petition, but affirm the denial of Employer's Termination Petition.

_____
**JAMES GARDNER COLINS, Senior Judge**

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Firedex of Butler, Inc. and Star
Insurance Company,

            Petitioners

         v.

Workers' Compensation Appeal
Board (Warner),

            Respondent

:
:
:
:
:
: No. 1625 C.D. 2017
:
:
:
:
:
:

## ORDER

AND NOW, this 28th day of November, 2018, the order of the Workers' Compensation Appeal Board in the above-captioned matter is REVERSED insofar as it affirmed the denial of Petitioners' petition to review medical treatment and/or billing and is AFFIRMED insofar as it affirmed the denial of Petitioners' petition to terminate compensation benefits.

 

**JAMES GARDNER COLINS, Senior Judge**