Soan D. Frias, : 
         Petitioner : 
         : 
         : 
      v. :   No. 1021 C.D. 2022
         : 
Amazon.com DEDC LLC (Workers' :   Submitted: April 21, 2023
Compensation Appeal Board), : 
        Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: October 18, 2023

       Soan Frias (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) August 26, 2022 order affirming the Workers' Compensation Judge's (WCJ) decision that granted Amazon.com DEDC LLC's (Employer) Petition to Terminate Compensation Benefits (Termination Petition) and denied and dismissed Claimant's Review Petition.

## I. Facts and Procedural History

       On February 6, 2019, Claimant sustained an injury to his lower back during the course and scope of his employment. (Reproduced Record (R.R.) at 31a-34a.) On June 20, 2019, Claimant filed Claim and Penalty Petitions. *Id.* During the course of that litigation the parties elicited medical testimony. Claimant's medical expert, Nirav Shah, M.D. (Dr. Shah), opined that as a result of the work incident,

Claimant suffered an "aggravation injury to the lumbar spine, lumbar disc protrusion at L5-S1 and lumbar radiculopathy resulting in reasonable, necessary, and surgical decision making." *Id.* at 10a.

On April 6, 2020, the parties agreed to resolve the pending Claim and Penalty Petitions through a Stipulation. On April 17, 2020, the Stipulation was approved by Decision & Order. *Id.* at 11a. Employer was willing to agree that Claimant sustained a strain/sprain, but not that Claimant sustained a disc protrusion or radiculopathy. Through the Stipulation, the parties agreed that Claimant had sustained a work-related injury on February 6, 2019, in the nature of a lumbar strain/sprain. Employer agreed to pay Claimant reasonable and necessary medical expenses causally related to his February 6, 2019, work injury. *Id.* at 31a. Additionally, the parties agreed that Employer was entitled to a credit for any short-term disability and/or long-term disability benefits received by Claimant since March 19, 2019, to the extent they were funded by Employer, as well as a credit for any unemployment compensation benefits received by Claimant since March 19, 2019. Employer agreed to reimburse Claimant's counsel $5,328.25 in litigation costs in relation to Claimant's Claim and Penalty Petitions resolved by the Stipulation. *Id.* The Stipulation reserved Claimant's right to file additional petitions in the future, including but not limited to a Review Petition to amend the injury description to demonstrate that the work injury consisted of additional injuries. Specifically, Paragraph 16 of the Stipulation provided in this regard, as follows:

> Both Claimant and [Employer] reserve the right to file additional petitions in the future which either party may deem necessary and which are permitted by the [WC Act][1], including but not limited to **a Review Petition to amend the**

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

2

**injury description whether the expanded diagnoses were present at the time of this Stipulation or arose later**.

*Id.* at 33a (emphasis added).

At Employer's request, Christian Fras, M.D. (Dr. Fras), who is board certified in orthopedic surgery, conducted an independent medical examination (IME) of Claimant on June 30, 2020.

On November 3, 2020, Employer filed the Termination Petition alleging that Claimant fully recovered from his February 6, 2019 work injury as of June 30, 2020 and could return to work without restrictions. *Id.* at 17a-18a. Claimant filed a timely Answer denying the material allegations. *Id.* at 18a.

On December 22, 2020, Claimant filed a Review Petition, alleging that the description of the work injury (lumbar strain/sprain) was incorrect and did not recognize his work-related lumbar disc protrusion at L5-S1 with radiculopathy and spondylosis, as diagnosed by Dr. Shah. Employer filed a timely Answer denying the material allegations. *Id.* The Termination Petition and Review Petition were consolidated and assigned to the WCJ.

**Claimant's Testimony**

Claimant testified before the WCJ on April 5, 2021. *Id.* at 22a. Claimant testified that he was injured while working for Employer on February 6, 2019. *Id.* He explained that he has pain in his low back that radiates down his right leg. *Id.* He also experiences numbness in the right leg. *Id.* He testified that those symptoms began on February 6, 2019. *Id.* Claimant treated with two doctors for pain management. Claimant also treated with Dr. Shah, who performed surgery on November 13, 2020. *Id.* Following the surgery, Claimant's symptoms did not change. *Id.* He remained out of work.

**Dr. Shah's Deposition Testimony**

Claimant submitted two depositions of Dr. Shah, taken on November 11, 2019 (before the Review Petition), and May 10, 2021 (after the Review Petition). *Id.* In his November 1, 2019 deposition, Dr. Shah indicated that he had diagnosed Claimant's work injury as "aggravation injury to the lumbar spine, lumbar disc protrusion at L5-S1 and lumbar radiculopathy resulting in reasonable and necessary surgical decision making." *Id.*

In his May 10, 2021 deposition, Dr. Shah testified that he examined Claimant on January 24, 2020, for continued complaints of back pain and radicular pain in the right leg. *Id.* Based on Claimant's unchanged symptoms and diagnostic studies, Dr. Shah recommended decompression surgery. *Id.* That surgery took place on November 13, 2020. *Id.* During the surgery, the surgeons noted direct visual confirmation of a disc fragment compressing the nerve. Dr. Shah's opinion of Claimant's work injury remained unchanged from his diagnosis as stated in his November 1, 2019 deposition. *Id.* at 22a-23a. As for the work injury, Dr. Shah continued to opine that Claimant had sustained an aggravation injury to the lumbar spine, lumbar disc protrusion at L5-S1 and lumbar radiculopathy. *Id.* at 22a.

**Dr. Fras' Deposition Testimony**

During the examination by Dr. Fras, Claimant complained of low back pain and right leg pain. *Id.* at 21a. Dr. Fras noted Claimant appeared comfortable. *Id.* He walked using a cane but did not display an abnormal gait. *Id.* Physical examination revealed full strength as well as non-physiologic findings of cog wheeling and give-way weakness in the right lower extremity. *Id.* Claimant complained of diminished sensation globally throughout his right leg, which did not follow a specific dermatomal pattern. *Id.* Claimant's reflexes were normal in both legs. *Id.* Straight leg raise testing on the right elicited complaints of low back pain and pain behind the right knee but did

4

not provoke radicular leg complaints. *Id.* Therefore, Dr. Fras concluded that the straight leg raise test was negative regarding Claimant's right leg. *Id.* Claimant also complained of tenderness on palpation throughout the right buttock. *Id.* According to Dr. Fras, Claimant's physical examination indicated multiple inconsistencies. *Id.* Dr. Fras found no objective findings to support either Claimant's complaints or a lumbar strain/sprain. *Id.* Dr. Fras also reviewed diagnostic studies, none of which indicated traumatic changes. *Id.* Based on his examination of Claimant and review of Claimant's medical records, Dr. Fras opined that Claimant had fully recovered from the February 6, 2019 injury of lumbar strain/sprain, and that Claimant sustained no further injuries on February 6, 2019. *Id.* at 22a. Dr. Fras further opined that Claimant's surgery was unrelated to a work-related injury or aggravation at the L5-S1 disc level. *Id.* Dr. Fras also opined that Claimant did not sustain work-related radiculopathy or spondylosis attributed to the February 6, 2019, injury. *Id.*

**WCJ Findings and Decision**

On January 19, 2022, the WCJ circulated a Decision & Order granting the termination of benefits and denying the Review Petition. *Id.* at 18a. The WCJ credited Dr. Fras' opinion that Claimant sustained a work-related lumbar strain/sprain, that Claimant did not sustain a work-related injury or aggravation at the L5-S1 level, and that Claimant had made a full recovery from the February 6, 2019 lumbar strain/sprain. *Id.* The WCJ found that Claimant's testimony was not credible. *Id.* The WCJ did not make any determination as to the credibility of Dr. Shah's November 1, 2019 deposition testimony because the Stipulation resolved the Claim Petition and defined Claimant's work injury as a lumbar strain/sprain. (WCJ Decision, 1/19/22 at 5.) Regarding Dr. Shah's May 10, 2021 deposition, the WCJ concluded that his testimony "was not credible to support the allegations of the Review Petition." *Id.* Therefore, the WCJ concluded that the Review Petition failed for lack of evidence.

5

Relying on *Weney v Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949 (Pa. Cmwlth. 2008), the WCJ then went on to say that "even if" Claimant's evidence was credible, the Review Petition would nevertheless fail pursuant to *res judicata*. The WCJ explained:

> The Stipulation approved in the 4/17/2020 Decision resolved a Claim Petition in which Claimant offered expert medical testimony from Nirav Shah, M.D. regarding the description of his 2/6/2019 work injury. That expert opinion proffered a description of the work injury as "aggravation injury to the lumbar spine, lumbar disc protrusion at L5-S1 and lumbar radiculopathy resulting in reasonable and necessary surgical decision making." Instead of going to a decision, the parties executed the Stipulation defining Claimant's 2/6/2019 injury as a lumbar strain/sprain.

> The Stipulation reserves the parties' rights to "file additional petitions in the future … including but not limited to a Review Petition to amend the injury description whether the expanded diagnoses were present at the time of this Stipulation or arose later." However, where parties stipulate to a description of injury, and the claimant knew of additional injuries not included in the Stipulation, a subsequent Review Petition to add the previously known injuries is barred by technical res judicata and collateral estoppel. [*Weney*].

> Claimant's alleged description of [the] injury in the previous litigation is the same as the pending Review Petition. While the parties ended up agreeing to a resolution of the previous litigation, the evidence of record – Dr. Shah's 11/1/2019 [sic] deposition – clearly shows that the description of [the] injury remains unchanged in his opinion and should have been litigated if the parties still disagreed. There is nothing new in this litigation regarding Claimant's allegation of his work injury. Therefore, the Review Petition also fails pursuant to res judicata, and Claimant's 2/6/2019 work injury remains described as a lumbar strain/sprain.

(WCJ Decision, 1/19/22 at 5.)

Claimant appealed to the Board, asserting that "the WCJ erred in finding that the parties agreed that Claimant's correct description of injury was a lumbar strain/sprain when they entered into their Stipulation." (Board Opinion, 8/26/22, at 3.) He further argued that "the Stipulation reserved the right to file a Review Petition in the future, and that the WCJ erred in finding that Claimant's Review Petition was barred by *res judicata*." *Id.* In his appeal to the Board, however, Claimant did not challenge the WCJ's **principal** reason for denying the Review Petition, which was based on his acceptance of Dr. Fras' opinion that Claimant **never sustained a lumbar disc protrusion at L5-S1 with radiculopathy as the result of the work injury**.

The Board addressed only the issue raised by Claimant. It affirmed the WCJ decision, explaining:

> We determine that the WCJ did not err in determining that Claimant's Review Petition is barred by *res judicata*. Through [the WCJ's] Decision and Order, the parties' Stipulation was approved. The Stipulation acknowledged that on February 6, 2019, Claimant sustained a work-related injury in the nature of a lumbar strain and sprain. Claimant correctly observes that the Stipulation reserved the parties' rights to file future petitions regarding this injury, to include a future review petition. However, Claimant's Review Petition in the instant matter concerns additional injuries of which Claimant was aware at the time of the Stipulation. Res judicata applies to matters which could have been litigated. [*Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1034 (Pa. Cmwlth. 2012)]. Additionally, pursuant to the court's finding in *Weney*, where the parties stipulated to the description of [the] injury, and the employee knew of additional injuries but failed to include them in the stipulation, a subsequent review petition to add

7

the previously known injuries is barred by technical *res judicata* and collateral estoppel. Here, in his deposition taken on November 1, 2019, Niravh Shah, M.D., testified that he first treated Claimant on May 17, 2019. (Shah Dep. 11/1/2019 at 9). At the time of the deposition, Dr. Shah diagnosed Claimant with an aggravation injury to the lumbar spine, lumbar disc protrusion at L5-S1 and lumbar radiculopathy. He related those diagnoses to Claimant's February 6, 2019, work injury. He did not release Claimant back to work. (*Id.* at 20-22). The parties entered into a Stipulation acknowledging Claimant's work injury as a lumbar strain and sprain only in April 2020. Thus, at the time the parties' executed their Stipulation, Claimant knew of additional injuries as opined by Dr. Shah but failed to include them in his description of [the] injury. *Weney*. Therefore, the WCJ did not err in determining that Claimant's Review Petition was barred by *res judicata.*

(Board Decision, 8/26/22, at 3-4.)

This appeal followed.

## II. Discussion

On appeal,[2] Claimant raises one issue: whether the Board erred in affirming the WCJ's determination that *res judicata* and collateral estoppel barred litigation of the Review Petition where a Stipulation of Facts included express language reserving the right to further litigation of the injury description.

At the outset, we question whether the issue presented is one that is properly before the Court. First, the WCJ did not find the Review Petition was barred by *res judicata*. Again, the WCJ's discussion of the significance of the Stipulation and *res judicata* was in the alternative, **after** he had found that Claimant failed to meet his

---

[2] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

8

burden on the Review Petition based on the WCJ's credibility determinations. When a claimant files a review petition seeking to expand an accepted description of a work injury, the claimant must show that the asserted additional injuries are causally related to the work injury. *Degraw v. Workers' Compensation Appeal Board (Redner's Warehouse Markets, Inc.)*, 926 A.2d 997, 1000 (Pa. Cmwlth. 2007). In this regard,

> [a] claimant bears the burden of presenting unequivocal medical testimony to establish the causal link between a work incident and a disability when such a causal link is not obvious, and the causal link is not obvious if a claimant has a pre[]existing condition related to the same body part the claimant alleges was injured at work. The question is one of law and is fully reviewable. In reviewing medical testimony, the testimony must be examined as a whole.

*Moyer v. Workers' Compensation Appeal Board (Pocono Mountain School District)*, 976 A.2d 597, 599 n.3 (Pa. Cmwlth. 2009).

Here, Claimant's burden was to establish the greater extent of his injury and its work-relatedness. Both Claimant and Employer offered depositions by medical experts in support of their positions. Claimant attempted to prove through Dr. Shah's testimony that he had sustained a lumbar disc protrusion at L5-S1 and radiculopathy. After reviewing Dr. Shah's depositions, the WCJ concluded that "[Dr. Shah's testimony] was not credible to support the allegations of the Review Petition." R.R. at 11a. The WCJ, however, did conclude that Dr. Fras' deposition testimony offered by Employer was credible, because "Dr. Fras performed an examination of Claimant, discussed the examination in detail," and "found multiple inconsistencies in the examination itself and a lack of objective evidence of Claimant's subjective complaints." *Id.* at 10a. As a result of finding Dr. Shah's testimony not credible, the WCJ found that "Claimant offered no credible evidence in support of his allegations of an incorrect description of his February 6, 2019 injury[, and] [t]he description of

Claimant's February 6, 2019 work injury remains a lumbar strain/sprain." *Id*. at 11a. The WCJ concluded that "**Claimant, who bears the burden of proof in the Review Petition, failed to meet the burden of proof to show the description of the work should be amended beyond the agreed upon lumbar strain/sprain" to include lumbar disc protrusion at L5-S1 and lumbar radiculopathy.** *Id.* at 13a (emphasis added).

In other words, the WCJ credited Dr. Fras' opinion that Claimant did not sustain an aggravation injury to the lumbar spine, lumbar disc protrusion at L5-S1 and lumbar radiculopathy as the result of the work incident. The WCJ discredited Dr. Shah's opinion to the contrary. The WCJ only addressed the question of the *res judicata* effect on the Stipulation in the alternative if, hypothetically, Dr. Shah's testimony had been found credible.

Before the Board, Claimant did not question the WCJ's credibility determinations or challenge the WCJ's **actual** basis for denying the Review Petition, *i.e.*, the failure to meet his burden in the Review Petition. Instead, he raised an issue that had been addressed by the WCJ in a hypothetical, and which did not ultimately serve as the basis for the WCJ's disposition and denial of the Review Petition. Perpetuating the error, the Board, in turn, addressed only that hypothetical issue. On appeal to this Court, Claimant continues to raise the issue of whether the WCJ erred by finding *res judicata* barred litigation of the Review Petition and misconstrued the effect of the parties' Stipulation. However, because Claimant did not challenge the dispositive issue of whether he failed to meet his burden in the Review Petition, there is nothing further for this Court to review.

### III. Conclusion

Based on the above, we affirm the Board.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Dumas did not participate in this decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Soan D. Frias, :
              Petitioner :
 :
 :
 :
         v. : No. 1021 C.D. 2022
 :
Amazon.com DEDC LLC (Workers' :
Compensation Appeal Board), :
           Respondent :

## _**ORDER**_

      AND NOW, this 18th day of October, 2023, the August 26, 2022 order of the Workers' Compensation Appeal Board, is hereby AFFIRMED.

 

 

_____
PATRICIA A. McCULLOUGH, Judge